IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DELPHINE JONES,** *et al.*, *pro se* | * | |
| | * | |
| Appellants, | * | |
| | * | |
| | * | |
| v. | * | Civil No. **PJM 15-1695** |
| | * | |
| **133 CHESAPEAKE ST., LLC**, | * | |
| | * | |
| Debtor-Appellee | * | |
| | * | |

**MEMORANDUM OPINION**

This case is on appeal from an Order of the United States Bankruptcy Court for this District. *In re 133 Chesapeake St., LLC*, Ch. 11 Case No. 14-20894 (Bankr. D. Md. July 9, 2014). Debtor-Appellee 133 Chesapeake St., LLC (133 Chesapeake St.) filed a Motion to Sell Real Property Free and Clear in the Bankruptcy Court, seeking authority to sell certain property free and clear of all liens, claims, encumbrances, and interests. *133 Chesapeake St., LLC*, 14-20894, ECF No. 73. Appellants Delphine Jones and Jacqueline King (collectively Appellants), two purported tenants on the property, objected. *133 Chesapeake St., LLC*, 14-20894, ECF No. 83. Despite this objection, on May 26, 2015, the Bankruptcy Court entered an Order Authorizing Debtor to Sell Real Property Free and Clear of Liens (Sale Order). *133 Chesapeake St., LLC*, 14-20894, ECF No. 96. On June 10, 2015, fifteen days after entry of the Bankruptcy Court's Sale Order, Appellants filed a Notice of Appeal in this Court. ECF No. 1.

133 Chesapeake St. has filed a Motion to Dismiss Appeal, asserting that the Court lacks jurisdiction over the Appeal due to Appellants' failure to timely file their Notice of Appeal. ECF

1

No. 2. The Court agrees, and for the reasons that follow, 133 Chesapeake St.'s Motion to Dismiss Appeal is **GRANTED**, and this Appeal is hereby **DISMISSED**.

**I.**

133 Chesapeake St. is a limited liability company owned entirely by Vincent L. Abell, a debtor in a related bankruptcy case. *In re Abell*, Ch. 11 Case No. 13-13847 (D. Md. March 5, 2013). 133 Chesapeake St. owned an improved parcel of real property at 6328 Eastern Avenue, NE, Washington DC 20011 (the Property). *133 Chesapeake St., LLC*, 14-20894, ECF No. 73. The Property was 133 Chesapeake St.'s sole substantial asset. *Id*.

On July 9, 2014, 133 Chesapeake St. filed a Voluntary Petition for Bankruptcy under Chapter 11 of the Bankruptcy Code. *133 Chesapeake St., LLC*, 14-20894, ECF No. 1. As of the Petition Date, there were two purported tenants on the Property, Appellants Jones and King, both of whom were occupying the residence with expired leases. *133 Chesapeake St., LLC*, 14-20894, ECF No. 73. On January 27, 2015, the Bankruptcy Court entered an Order rejecting the leases. *133 Chesapeake St., LLC*, 14-20894, ECF No. 58.

On March 26, 2015, 133 Chesapeake St. filed its Motion to Sell the Property Free and Clear of Liens to JBN Realty Investment pursuant to 11 U.S.C. §§ 363(b), (f), and (m). *133 Chesapeake St., LLC*, 14-20894, ECF No. 73. Appellants objected, asserting that the sale of the Property could not go forward until a determination of their rights under the District of Columbia's Tenant Opportunity to Purchase Act (TOPA). *133 Chesapeake St., LLC*, 14-20894, ECF No. 83. On May 11 and May 12, 2015, the Bankruptcy Court held a hearing on 133 Chesapeake St.'s Motion to Sell ("Sale Hearing"), which Appellants attended and participated in. *133 Chesapeake St., LLC*, 14-20894, ECF Nos. 86-87. During the hearing, the Bankruptcy Court issued an oral ruling concerning Appellants' objection, explaining that TOPA includes an

absolute bankruptcy sale exemption, making it inapplicable to the Motion to Sell.[1] On May 26, 2015, the Bankruptcy Court entered a Sale Order authorizing 133 Chesapeake St.'s sale of the Property to JBN Realty Investment. *133 Chesapeake St., LLC*, 14-20894, ECF No. 96.

Fifteen days later, on June 10, 2015, Appellants filed their Notice of Appeal to this Court. ECF No. 1. The case was electronically transmitted to this Court on the same day. *Id.* On June 29, 2015, 133 Chesapeake St. then filed its Motion to Dismiss Appeal. ECF No. 2.

**II.**

133 Chesapeake St. asserts that the Court should dismiss the Appeal because Appellants failed to file their Notice of Appeal in timely fashion under the Federal Rules of Bankruptcy Procedure. Appellants, says 133 Chesapeake St., filed their Notice of Appeal *fifteen* days after the Sale Order was entered, not within *fourteen* days, and such failure deprives the Court of jurisdiction over the Appeal. Appellees' Mot. Dismiss Appeal 6-8, ECF No. 2. Appellants respond that their Notice of Appeal was in fact timely: they say that, although not entered on the docket until fifteen days after the Bankruptcy Court's Sale Order, their Notice of Appeal was "timely" because they in fact submitted it to the Bankruptcy Clerk's night box on the fourteenth day after the Sale Order, albeit at 5:54 p.m., after the Clerk's office was closed. Appellants' Resp. Opp. Mot. Dismiss (Appellants' Resp.) 2-4; ECF No. 13.

The Court agrees with 133 Chesapeake St.

A party's "[f]ailure to file a timely notice of appeal from a bankruptcy court order deprives the district court of jurisdiction." *Ekweani v. Wells Fargo Home Mortgage, Inc.*, No. CIV. CCB-13-2661, 2013 WL 5937977, at *1 (D. Md. Nov. 5, 2013) (citing *Smith v. Dairymen,*

---

[1] TOPA provides a residential tenant a right to notice of a sale and opportunity to purchase an accommodation at a price and terms that represent a bona fide offer of sale before the owner sells the accommodation. *See generally* D.C. Code Ann. § 42-3404. However, TOPA expressly provides that a bankruptcy sale does *not* constitute a "sale" under TOPA. D.C. Code Ann. § 42-3404.02(c)(2)(E).

*Inc.*, 790 F.2d 1107, 1109 (4th Cir. 1986); *Reig v. Wells Fargo Bank, N.A.*, No. PWG-12-3518, 2013 WL 3280035, at *1 (D. Md. June 26, 2013). As set forth in Federal Rule of Bankruptcy Procedure 8002(a), "a notice of appeal *must* be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." (emphasis added). The fourteen-day deadline "has been strictly construed, requiring strict compliance with its terms." *Ekweani*, 2013 WL 5937977, at *1 (quoting *AgSouth Farm Credt, ACA v. Bishop*, 333 B.R. 746, 748 (Bankr. D.S.C. 2005)). While this period may be extended in certain very limited circumstances not applicable here,[2] the deadline for filing a timely notice of appeal may not be extended in the case of appeals from orders authorizing sales of property under § 363 of the Bankruptcy Code, Fed. R. Bankr. P. 8002(d)(2)(B), as is the case here.

Appellants filed their Notice of Appeal on June 10, 2015, outside the fourteen-day window permitted under the Bankruptcy Rules. Although they contend that their Notice of Appeal was "timely" because they dropped the Notice in the Bankruptcy Clerk's night box on June 9, 2015, at 5:54 p.m., their argument is without merit. Federal Rule of Bankruptcy Procedure 8002(a)(1) expressly stipulates that a notice of appeal "must be *filed* with the bankruptcy clerk within 14 days" (emphasis added). Placing papers in a night box does not constitute "fil[ing] with the bankruptcy clerk" within the meaning of the Bankruptcy Rules. Federal Bankruptcy Rule 9006(a)(4) indicates that the "last day" for filing when filing by means other than electronic filing (such as occurred here) ends "when the clerk's office is scheduled to close." The Bankruptcy Clerk's office in the District of Maryland, Greenbelt Division closes at 4:00 p.m. Local Bankr. R. 5001-2(a). Further, as stated clearly in Local Bankruptcy Rule 5001-

---

[2] The Bankruptcy Rules allow for two exceptions to the ordinarily strict 14-day window: (1) if a party requests an extension by written motion to the bankruptcy court within the 14-day period, or, (2) upon a showing of excusable neglect, within 21 days after the initial period has expired. Fed. R. Bankr. P. 8002(d).

4

2(d): "**Deadlines Are Not Extended. The availability of the night box and after hours filing do NOT extend the 'Last Day' as defined by Federal Bankruptcy Rule 9006(a)(4), which Last Day ends for filing, other than electronic filing, at 4:00 p.m. when the Clerk's Offices close.**" (emphasis in original).

Thus, Appellants' submission to the night box at 5:54 p.m. on June 9, 2015 fails to comply with the deadlines under the Federal and Local Bankruptcy Rules. *See Ekweani*, 2013 WL 5937977, at *1 n.3 ("[T]o the extent [appellants] argue they actually filed [notice of appeal] . . . by dropping it in the bankruptcy court clerks' night box for after-hours drop-off, their argument is without merit."). Accordingly, this Court lacks jurisdiction and will dismiss the Appeal.

### III.

Just to be sure, however:

Even if Appellants' Notice of Appeal were deemed timely filed, it would fail because it is statutorily moot.

Eleven U.S.C. § 363(m) provides that, even if grounds exist to reverse or modify the sale of estate property during bankruptcy, such reversal or modification "does not affect the validity of the sale . . . to an entity that purchased . . . such property in good faith . . . whether or not such entity knew of the pendency of the appeal, unless such authorization . . . were stayed pending appeal." As the Fourth Circuit has held, "[t]his subsection creates a rule of statutory mootness," and "[w]here a sale of a bankrupt's assets has not been stayed, an appeal challenging the sale's validity is moot because the court has no remedy that it can fashion even if it would have determined the issues differently." *In re Rare Earth Minerals*, 445 F.3d 359, 363 (4th Cir. 2006)

5

(internal citations and quotations omitted). In such circumstances, "even if the bankruptcy court erred in authorizing the sale, the appeal *must be dismissed*." *Id.* (emphasis added).

As authorized by the Bankruptcy Court's Sale Order, 133 Chesapeake St. sold the Property to JBN Realty Investment on June 19, 2015. *See* Appellees' Mot. Dismiss Appeal, Ex. D, ECF No. 2-4. The Appellants did not seek a stay of the sale pending appeal prior to the sale's consummation,³ nor did the Bankruptcy Court independently order any stay prior to the sale. The Appeal of the Sale Order is therefore statutorily moot under 11 U.S.C. § 363(m) and would be dismissible on those grounds as well. *See Rare Earth Minerals*, 445 F.3d at 363.

## IV.

For the above reasons, 133 Chesapeake St.'s Motion to Dismiss Appeal (ECF No. 2) is **GRANTED**, and the Appeal is **DISMISSED**. This case is therefore **CLOSED**.

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**March 2, 2016**

---

³ Appellants filed a Motion for Reconsideration and/or Stay of Order Granting Debtor's Motion to Sell Real Property Free and Clear Pending Appeal, but did so on June 19, 2015, the same day that the sale was consummated. *See 133 Chesapeake St., LLC*, 14-20894, ECF No. 105.